# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. STEVEN MCDANIEL,
       Petitioner,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
       Agency.

DOCKET NUMBER
CB-1208-23-0006-U-4

DATE: September 7, 2023

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Dustin Seth Frankel, Esquire, Washington, D.C., for the petitioner.

Katherine W. Krems, Esquire, Washington, D.C., for the relator.

Glen E. Woodworth, Esquire, Anchorage, Alaska, for the agency.

Theodore M. Miller, Esquire, Seattle, Washington, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1 Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of Mr. McDaniel's probationary termination by the Department of Veterans Affairs (agency) while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

**BACKGROUND**

¶2 On April 6, 2023, OSC filed a 45-day initial stay request of the probationary termination of Mr. McDaniel based on alleged misconduct. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-1, Stay Request File, Tab 1. In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency's action was in retaliation for Mr. McDaniel's protected disclosures and activities under 5 U.S.C. § 2302(b)(8) and (b)(9)(C). *Id.* On April 10, 2023, OSC's initial stay request was granted through and including May 24, 2023. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-1, Order on Stay Request, ¶¶ 1, 10 (Apr. 10, 2023). OSC subsequently requested, and the Board granted, two additional extensions of the stay.[2] The stay currently ends on September 21, 2023. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-3, Order on Stay Extension Request, ¶ 9 (July 19, 2023).

---

[2] By order dated May 24, 2023, the Board granted OSC's request to extend the stay for 60 days, through and including July 23, 2023. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-2, Order on Stay Extension Request (May 24, 2023). By order dated July 19, 2023, the Board granted OSC's request to extend the stay for 60 days, through and including September 21, 2023. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-3, Order on Stay Extension Request (July 19, 2023).

¶3     On August 23, 2023, OSC filed a third request to extend the stay for an additional 60 days. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-4, Stay Request File (U-4 SRF), Tab 1. The agency has responded to the extension request. U-4 SRF, Tab 2.

## ANALYSIS

¶4     A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5     In its third request for a 60-day extension of the existing stay, OSC asserts that, based on the factual record, which remains largely unchanged, it has concluded that Mr. McDaniel's probationary termination constituted a prohibited personnel practice in violation of 5 U.S.C. §§ 2302(b)(8) and (b)(9)(C). U-4 SRF, Tab 1 at 2, 7-8. OSC states that it has prepared a draft report of its findings, but the report is currently under supervisory review, and an extension is needed to finalize the report and transmit it to the Board, the agency, and the Office of Personnel Management, as required by 5 U.S.C. § 1214(b)(2)(B). U-4 SRF, Tab 1 at 2, 8. OSC further explains that an extension is necessary because

the Board's electronic filing system will be offline between September 9 and October 1, 2023.[3] *Id.* at 2.

¶6     In its response to the extension request, the agency continues to maintain that whistleblower reprisal did not occur but that, given the Board's ruling on the previous stay extension request and the status of OSC's investigation, it was unlikely that it would be successful in opposing the stay request. U-4 SRF, Tab 2. Significantly, the agency does not make any specific arguments supporting its opposition to the extension. *Id.*

¶7     Viewing the record in the light most favorable to OSC, and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is not clearly unreasonable to allow OSC to finalize its report, attempt a resolution of this matter, and, if necessary, pursue corrective action before the Board. *Special Counsel v. Small Business Administration*, 73 M.S.P.R. 12, 13-14 (1997). A separate determination must be made on the length of a requested stay. *Waddell*, 105 M.S.P.R. 208, ¶ 5. It is the intent of Congress that stays not be extended for prolonged periods of time. *Special Counsel v. Department of the Treasury*, 71 M.S.P.R. 419, 421 (1996). Moreover, the Board is obligated to press OSC to present corrective action cases in a timely manner. *Id.* at 422. However, to date, it appears that OSC has utilized the stay judiciously, having made significant progress in this matter, as evidenced by the fact that OSC has already concluded its investigation and prepared a draft of its report per 5 U.S.C.

---

[3] On August 7, 2023, the Office of the Clerk of the Board issued a scheduling order, notifying the parties that the Board is transitioning to a new version of its electronic filing system, requiring the system to be offline for a period that encompassed the end of the current stay. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-3, Stay Request File, Tab 6 at 1. Accordingly, the scheduling order modified the previously set deadlines regarding a request for an extension of the stay, directing OSC to file any request for an extension by August 23, 2023, and the agency to file its response to any such request by August 30, 2023. *Id.* at 2.

§ 1214(b)(2)(B).   U-4 SRF, Tab 1 at 2, 7-8.   Accordingly, in light of these factors, we find that a 60-day extension of the stay is warranted, and we therefore grant OSC's request.

**ORDER**

¶8        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby GRANTED, and it is ORDERED that:

(1)    The stay issued on April 10, 2023, is extended through and including November 20, 2023, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes in Mr. McDaniel's duties or responsibilities that are inconsistent with the relator's salary or grade level, or impose upon the relator any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before November 3, 2023; and

(5)   Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before November 10, 2023.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.